# *EXHIBIT K*



Freddie Mac Confidential Information

Freddie Mac
Single Family Quality Control
1551 Park Run Drive
McLean, VA 22102-3110

*This letter agreement, any attached documents, and our related discussions and correspondence, contain Confidential Information of Freddie Mac (e.g., borrower information) that you have agreed to keep secure and confidential, and to protect against unauthorized access and/or use. Please refer to Sections 1201.8a and 8101.8 of the Freddie Mac Single-Family Seller/Servicer Guide (the "Guide"), and any other written confidentiality or non-disclosure agreements between our companies for additional details.*

March 22, 2024

Christina Bryant
VP, Director of Risk
UNITED WHOLESALE MORTGAGE, LLC
585 S Blvd E
Pontiac, MI 48341

RE:   Seller/Servicer #:
      Contract #:
      Funding Date:              June 8, 2021
      Freddie Mac Loan #:
      Seller/Servicer Loan #:              44
      Property Location:         LONG BEACH, CA 90814-0000
      Master Agreement #:
      Master Commitment #:

Dear Ms. Bryant:

Freddie Mac has determined that the mortgage(s) do not comply with our requirements and must be repurchased pursuant to Section 3602.2 of the Guide. Attached is an explanation of why the mortgage(s) do not meet Freddie Mac's requirements.

If you are not servicing the mortgage(s), you must arrange for the current Servicer to remit the repurchase proceeds to Freddie Mac. Please contact the Servicer to obtain the repurchase amount, including all fees associated with the payoff of the Mortgages, and then remit the repurchase amount to the Servicer. The Servicer will then remit these payments to Freddie Mac as described below.

Repurchase of the Mortgage(s) must be completed on or before May 21, 2024. The repurchase procedures to be followed are determined by the status of the Mortgage, and are stated in full in Section 8303.14 of the Single-Family Seller/Servicer Guide (the Guide), and summarized as follows:

> *Active Mortgages: Repurchases of active Mortgages are reported through the repurchase Loan Level Transaction to Freddie Mac

> *Inactive Mortgages: Repurchases of inactive Mortgages are reported as payoff Mortgage repurchases.

If the mortgage status is Real Estate Owned (REO) or REO make whole, you may order a loss statement through Quality Control Advisor. Please note that Freddie Mac initiates and continues to market all REO properties until all repurchase funds have been received. Therefore, Freddie Mac may accept contracts and/or sell the property pending completion of the repurchase. All marketing efforts and contract negotiations are at the sole discretion of Freddie Mac until the repurchase funds have been received. Funds must be remitted as follows:

> *      Real Estate Owned (REO):   Wire to: JP Morgan Chase
>                                     ABA Routing #

Freddie Mac Confidential Information

Christina Bryant
Page: 2
Date: March 22, 2024

Funding Date: June 8, 2021
Freddie Mac Loan #: ████████

Credit Federal Home Ln Mtge Corp SF REO
Account # ████████
Reference: loan #, asset #, or property address
All sales proceeds must be disbursed to the Seller by
bank wire only within 24 hours of closing and funding.

NOTE:   If the status of the Mortgage changes at any time prior to the actual repurchase,
you should follow the procedures outlined above for the appropriate status at the time
the repurchase funds are remitted.

Should you have any questions regarding the repurchase procedure, please refer to Section 8303.14 of the Guide, or call Freddie Mac's 1-800-FREDDIE Customer Service Line. You will be asked for your Seller/Servicer number.

If you have facts that you believe demonstrate that the mortgage(s) complies with Freddie Mac's requirements, you may upload them to Quality Control Advisor (QCA) on or before the repurchase due date indicated above. In accordance with the requirements of Section 3602.8 of the Guide, the appeal submission must (i) include a statement of all relevant facts, (ii) explain why the repurchase request should be rescinded, (iii) include any necessary supporting documentation, and (iv) be received within the specified timeframe.  The first appeal must be received within 60 days of the date of this letter, as required by Guide Section 3602.8. If a first appeal is not received within the 60-day period, you will have no further right to challenge such Repurchase Demand and will not be able to avail yourself of the Impasse, Management Escalation, or Independent Dispute Resolution (IDR) Process.

You are reminded that if you repurchase a Mortgage loan that was modified under HAMP, you are obligated to comply with any and all legal obligations created with the borrower in connection with the modification of the loan, including, without limitation, any legal obligation to pay the borrower an earned performance incentive.

Thank you for your prompt attention to this matter.

Sincerely,

Stephen Eiring
Underwriter, Quality Control
(571) 382-5603
stephen_eiring@freddiemac.com

Christina Bryant
Page: 3
Date: March 22, 2024

Freddie Mac Confidential Information
Funding Date: June 8, 2021
Freddie Mac Loan #: ████████

LTV:  72.000%
Mortgage Purpose:  Refinance (OO)
S/S Loan Number:  ████████44
Note Date:  May 20, 2021

THIS LOAN WAS UNDERWRITTEN TO THE TERMS AND CONDITIONS OF THE FREDDIE MAC PURCHASE DOCUMENTS INCLUDING MASTER AGREEMENT AND/OR COMMITMENT # REFERENCED ABOVE.

DOCUMENTATION - MISREPRESENTATION
The documentation in the loan file was misrepresented.
The subject loan file contains documents that contain an electronic signature of the Borrower.  Freddie Mac's Fraud Investigation unit determined the IP Address traced to a location in Tustin, CA and confirmed the Borrower did not e-sign the documents containing the Borrower's signature.  As the subject loan file contains misrepresentations the loan is not eligible for sale to Freddie Mac as Freddie Mac does not purchase transactions involving confirmed fraudulent misrepresentations.

CAPACITY
The Borrower's income/employment was not properly documented.

The subject loan application indicated the Borrower had been employed with the employer with the initials of T.D. Inc for two years and list the Borrower's position as Partner/ Owner.  The Co-Borrower's loan application reflected that the Co-Borrower had been employed with ███████████████████ for the past 17 years.

For the Borrower's income the loan file contained pay stubs and W2's for 2019 and 2020. The loan application did not list that the Borrower was self-employed and did not indicate was percentage of ownership the Borrower had in the employer.  The subject loan file provided no documentation reflecting what percentage of ownership the Borrower had in the employer.

With the Co-Borrower's income, the loan file contained a pay stub, the 2019 and 2020 W2's and a verbal verification of employment dated May 17, 2021 that reflects the Co-Borrower's employment status as on leave.  The subject loan file provides no additional documentation addressing the Co-Borrower being on leave.  As the subject loan file provides no documentation of the Co-Borrower's expected return date to work the income can not be determined.

Freddie Mac was unable to calculate the Borrower's income due to the lack of supporting documentation, and the qualifying ratios could not be determined.

The subject loan is not eligible for sale to Freddie Mac.