**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC | Case No. 4:25-cv-14075 |
| | Hon. F. Kay Behm |
| *Plaintiff*, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| SUZANNE FILLERUP | |
| *Defendant*. | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff United Wholesale Mortgage, LLC ("UWM"), by its attorneys, Bush Seyferth PLLC, pursuant to Federal Rule of Civil Procedure 55(b)(2), moves this Court for entry of default judgment against Defendant Suzanne Fillerup ("Fillerup").

UWM filed its Complaint on December 17, 2025. ECF No. 1. Fillerup was properly served with the Complaint but failed to plead or otherwise defend this action. ECF No. 4. The Clerk entered default against Fillerup on March 23, 2026. ECF No. 9.  UWM now seeks entry of default judgment for its damages resulting from Fillerup's misconduct.

A supporting brief and evidentiary material accompany this motion.

1

Dated: June 23, 2026     Respectfully submitted,

        By: */s/ Mahde Y. Abdallah*
        Moheeb H. Murray (P63893)
        Mahde Y. Abdallah (P80121)
        100 W. Big Beaver Road, Suite 400
        Troy, MI 48084
        (248) 822-7800
        murray@bsplaw.com
        abdallah@bsplaw.com
        *Attorneys for Plaintiff*
        *United Wholesale Mortgage, LLC*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND....................................................................................2

LEGAL STANDARD................................................................................................4

ARGUMENT ...........................................................................................................5

      A.        The Court Has Jurisdiction, and Fillerup was Properly Served.............5

      B.        Fillerup's Failure to Appear Establishes Liability. ...............................5

      C.        The *C.A.T. Global Inc.* Factors Favor Entry of Default Judgment.......6

      D.        UWM Has Established Its Damages. .....................................................7

RELIEF REQUESTED..............................................................................................9

i

# TABLE OF AUTHORITIES

**Cases**

*C.A.T. Global Inc. v. OTT Transp. Servs.*,
　737 F. Supp. 3d 620, 625 (E.D. Mich. 2024) ............................................... passim

*Sampedro v. Club Caribbean LLC*,
　No. 2:19-CV-12921, 2020 WL 13441623, at *1 (E.D. Mich. Apr. 9, 2020).........8

*Vesligaj v. Peterson*,
　331 F. App'x 351, 355 (6th Cir. May 11, 2009) .......................................8

**Statutes**

28 U.S.C. § 1332 ......................................................................5

28 U.S.C. § 1961 .....................................................................10

Michigan Compiled Laws § 600.6013.....................................................10

**Rules**

Federal Rule of Civil Procedure 55(b)(2) ...............................................2

ii

## INDEX OF EXHIBITS

| | |
|---|---|
| Ex. 1 | Affidavit of Mahde Y. Abdallah re: Servicemembers Civil Relief Act |
| Ex. 2 | Affidavit of Linda Terrasi, EVP, Special Advisor to Risk ("Terrasi Aff.") |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC<br><br>        *Plaintiff*,<br><br>v.<br><br>SUZANNE FILLERUP<br><br>        *Defendant*. | Case No. 4:25-cv-14075<br>Hon. F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**INTRODUCTION**

This action arises from Defendant Suzanne Fillerup's ("Fillerup") submission of materially false mortgage loan applications to Plaintiff United Wholesale Mortgage, LLC ("UWM"). Fillerup misrepresented borrower income and assets in connection with three residential mortgage loans that UWM later sold to Fannie Mae and Freddie Mac.

After Fannie Mae and Freddie Mac discovered the misrepresentations through post-purchase audits, they required UWM to repurchase the loans. Because the loans contained material defects, UWM was forced to sell them on the secondary "scratch-and-dent" market at a substantial loss.

1

As a direct result of Fillerup's misconduct, UWM suffered $697,988.50 in damages.

Fillerup was properly served with the Complaint but failed to appear or otherwise defend this action. The Clerk therefore entered default against Fillerup on March 23, 2026.

UWM respectfully requests that this Court enter default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

## FACTUAL BACKGROUND

UWM is a wholesale mortgage lender headquartered in Pontiac, Michigan. Unlike retail lenders, UWM originates residential mortgage loans through independent mortgage brokers that work directly with borrowers.

Fillerup was one of UWM's brokerage partners and was a party to a Wholesale Broker Agreement (the "Agreement") with UWM. Under that Agreement, Fillerup agreed to ensure that any mortgage loan submitted to UWM contained information that was "true, correct, currently valid, and genuine in all material respects." UWM relied on the information provided by Fillerup when underwriting and funding the loans.

Fillerup submitted loan applications to UWM for eight residential mortgage loans. Based on the information provided in those applications, UWM approved and funded the loans and later sold them to Fannie Mae and Freddie Mac.

2

After purchasing the loans, Fannie Mae and Freddie Mac conducted routine post-purchase audits and discovered that the loan applications contained material misrepresentations regarding borrower income and assets. These misrepresentations rendered the loans ineligible under Fannie Mae and Freddie Mac's respective underwriting guidelines. As a result, Fannie Mae and Freddie Mac demanded that UWM repurchase the loans.

After repurchasing the loans, UWM was forced to sell them on the secondary "scratch-and-dent" mortgage market at a substantial discount. The resulting losses were: $100,012.71 for Loan 1, $110,520.37 for Loan 2, $78,612.45 for Loan 3, $120,957.85 for Loan 4, $62,504.78 for Loan 5, $60,519.83 for Loan 6, $76,612.45 for Loan 7, and $88,248.06 for Loan 8. These losses total $697,988.50 and represent the difference between the repurchase amounts paid by UWM and the discounted sale prices obtained on the secondary market. ECF No. 1 at ¶¶ 31–33, 42–44, 53–55, 64–66, 75–77, 86–88, 97–99, and 108–110.

On December 17, 2025, UWM filed its Complaint, which includes a single claim for Fraudulent Misrepresentation against Defendant Fillerup (Count I). Fillerup was properly served with the Complaint but failed to appear or otherwise defend this action. ECF No. 4. Accordingly, on March 23, 2026, the Clerk entered default against Fillerup. ECF No. 9.

3

**LEGAL STANDARD**

Under Federal Rule of Procedure 55, a default judgment may be entered when a party against whom relief is sought fails to plead or otherwise defend an action. Fed. R. Civ. P. 55. Before entering default judgment, however, the Court must ensure that (1) it has subject-matter and personal jurisdiction, (2) that the defendant was properly served, (3) that the defendant failed to appear and defend, and (4) that the plaintiff is entitled to the relief sought. See *C.A.T. Global Inc. v. OTT Transp. Servs.*, 737 F.Supp.3d 620, 625 (E.D. Mich 2024).

The decision to enter default judgment lies within the Court's discretion. In determining whether default judgment is appropriate, courts consider several factors, including: (1) possible prejudice to the plaintiff, (2) the merits of the plaintiff's claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of disputed material facts, (6) whether the default resulted from excusable neglect, and (7) the preference for decisions on the merits. *Id.* at 628 (E.D. Mich. 2024). In evaluating the motion for default judgment, the Court accepts as true the well-pleaded factual allegations of the complaint regarding liability and determines whether those unchallenged facts establish the plaintiff's entitlement to relief. *Id.*

4

## ARGUMENT

### A. The Court Has Jurisdiction, and Fillerup was Properly Served.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Personal jurisdiction is also proper because Fillerup purposefully conducted business with UWM, a Michigan-based company, and submitted loan applications to UWM in Michigan.

Fillerup was properly served with the Complaint but failed to appear or otherwise respond within the time required by the Federal Rules of Civil Procedure. ECF No. 4. As a result of Fillerup's failure to plead or otherwise defend this action, the Clerk entered default against Fillerup on March 23, 2026. ECF No. 9.

UWM has also submitted the affidavit required by the Servicemembers Civil Relief Act, confirming that Fillerup is not in military service. See Ex. 1, Affidavit of Mahde Y. Abdallah re: Servicemembers Civil Relief Act.

### B. Fillerup's Failure to Appear Establishes Liability.

Because Fillerup has defaulted, the well-pleaded factual allegations in the Complaint are deemed admitted. *C.A.T. Global Inc. v. OTT Transp. Servs.*, 737 F. Supp. 3d 620, 625 (E.D. Mich. 2024). Those admitted allegations establish Fillerup's liability. Fillerup entered into the Agreement with UWM that required it to ensure that all loan information submitted to UWM was "true, correct, currently, valid, and

genuine in all material respects." Despite this obligation, Fillerup submitted mortgage loan applications containing materially false information regarding borrower income and assets.

UWM relied on those representations when it approved and funded the loans. After Fannie Mae and Freddie Mac later discovered the misrepresentations during post-purchase audits, UWM was required to repurchase the loans. These admitted facts establish Fillerup's liability for fraudulent misrepresentation as alleged in the Complaint.

**C. The *C.A.T. Global Inc.* Factors Favor Entry of Default Judgment.**

The factors identified in *C.A.T. Global Inc.* strongly support entry of default judgment.

First, UWM would suffer prejudice if default judgment were denied. Fillerup has failed to appear or participate in this action despite being properly served. ECF No. 4. Without default judgment, UWM would have no mechanism to recover the losses caused by Fillerup's misconduct.

Second, the merits of UWM's claims and the sufficiency of the Complaint favor default judgment. The Complaint clearly alleges the contractual obligations owed by Fillerup, the misrepresentations made by Fillerup, UWM's reliance on those misrepresentations, and the resulting damages.

Third, there is no indication of disputed material facts. Fillerup has failed to respond to the Complaint or contest the allegations.

Fourth, there is no indication that Fillerup's failure to respond resulted from excusable neglect. Rather, Fillerup simply chose not to participate in this litigation after being properly served.

Fifth, although courts prefer to resolve cases on the merits, that preference does not preclude entry of default judgment where, as here, the defendant fails to participate in the litigation. *C.A.T. Global Inc.*, 737 F.Supp. 3d at 629.

**D. UWM Has Established Its Damages.**

UWM has also established its damages. As a result of Fillerup's misrepresentations, UWM was required to repurchase eight loans from Fannie Mae and Freddie Mac and resell them on the secondary scratch-and-dent mortgage market at a substantial discount. The resulting losses were: $100,012.71 for Loan 1, $110,520.37 for Loan 2, $78,612.45 for Loan 3, $120,957.85 for Loan 4, $62,504.78 for Loan 5, $60,519.83 for Loan 6, $76,612.45 for Loan 7, and $88,248.06 for Loan 8. These losses total $697,988.50 and represent the difference between the repurchase amounts paid by UWM and the discounted sale prices obtained on the secondary market. ECF No. 1 at ¶¶ 31–33, 42–44, 53–55, 64–66, 75–77, 86–88, 97–99, and 108–110; Ex. 2, Affidavit of Linda Terrasi, EVP, Special Advisor to Risk ("Terrasi Aff.").

7

Because these damages flow directly from Fillerup's misconduct and are supported by the allegations of the Complaint and supporting documentation, UWM is entitled to recover them as part of the default judgment.

Further, a hearing is not necessary to determine damages. Courts need only conduct a hearing if the amount of damages cannot be determined with reasonable certainty from the record. *Sampedro v. Club Caribbean LLC*, No. 2:19-CV-12921, 2020 WL 13441623, at *1 (E.D. Mich. Apr. 9, 2020) (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. May 11, 2009)). Here, UWM's damages are readily ascertainable based on the repurchase losses associated with the eight loans and are supported by UWM's Affidavit and documentary evidence. Accordingly, the Court may determine damages without conducting an evidentiary hearing.

Finally, the Agreement also provides for the recovery of attorney's fees and costs. Specifically, Section 7.16 states that "[i]n the event a dispute arises under this Agreement between Broker and UWM, which dispute results in legal action being taken by one or both parties, the prevailing party shall be entitled to recover its reasonable attorney fees, costs and other expenses associated with the enforcement of its rights under this Agreement." UWM initiated this action to enforce Fillerup's obligations under the Agreement and is entitled to default judgment. As the prevailing party, UWM is therefore entitled to recover its reasonable attorney's fees, costs, and expenses incurred in this action.

8

## RELIEF REQUESTED

Plaintiff UWM respectfully requests that this Court:

1. Enter judgment on Count I (Fraudulent Misrepresentation) of the Complaint in favor of UWM and against Defendant Suzanne Fillerup ("Fillerup") in the amount of $697,988.50;

2. Award UWM its attorneys' fees, costs, and expenses incurred in this action pursuant to Section 7.16 of the Agreement.

3. Award pre-judgment interest calculated in accordance with Michigan Compiled Laws § 600.6013, at the applicable statutory rate(s) from the date of filing of the Complaint through the date of Judgment, and post-judgment interest at the rate provided by 28 U.S.C. § 1961; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: June 23, 2026                        Respectfully submitted,

By: */s/ Mahde Y. Abdallah*
Moheeb H. Murray (P63893)
Mahde Y. Abdallah (P80121)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
murray@bsplaw.com
abdallah@bsplaw.com
*Attorneys for Plaintiff*
*United Wholesale Mortgage, LLC*

9